JAMES S. SIMS, plaintiff in error, *vs.* GEORGE H. LESTER *et al.,* administrators, defendants in error.

The failure of the mortgagee of an older mortgage to apply to that mortgage, before its foreclosure, a particular payment according to directions given by the mortgagor at the time of the payment, is simply a breach of contract; and the right of action on such breach is in the mortgagor, or if he be dead, in his legal representatives, and not in the holder of a junior mortgage on the same property, though it be averred that if the payment had been applied according to instructions, the junior mortgage would have received something from the mortgaged property and that the mortgagor's estate is insolvent. There is no privity of contract between the junior and senior mortgagees so as to authorize the former to sue the latter directly. Suit

must be brought by the legal representative of the mortgagor on the breach of his contract, and then the recovery will be assets for distribution according to the statute of distributions, and the junior mortgagees may or may not receive something on this mortgage according to the priorities prescribed by that statute.

Contracts. Mortgage. Actions. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1875.

Reported in the opinion.

W. G. JOHNSON; JOHN C. REED; SAMUEL LUMPKIN; J. T. OLIVE, for plaintiff in error.

R. TOOMBS; J. D. MATHEWS, for defendants.

JACKSON, Judge.

The question made in this case arose upon demurrer to the declaration of the plaintiff. He alleged, in substance, that Deupree, since deceased, held an older mortgage than one held by plaintiff on certain property of one Branner; that Branner made a payment of certain cotton or its proceeds to Deupree and instructed Deupree to credit such proceeds on that mortgage; that Deupree credited certain judgments he held against Branner with these proceeds, contrary to Branner's instruction; that if he had obeyed the instructions, Deupree's mortgage would have been satisfied out of less than the whole mortgaged property, and that plaintiff's junior mortgage would thereby have received the amount of the sum so misapplied; that Branner is dead and insolvent, and plaintiff is by the misapplication of this credit damaged that amount. The court sustained the demurrer and dismissed plaintiff's suit, and this is the error assigned.

We think the court did right. There is no privity between Sims and Deupree on this contract. The contract is between Branner and Deupree; the instructions were given by Branner, and the right to instruct was in him; the breach of the contract is between them. Hence the right of action is in the legal representatives of Branner; and if they should recover

anything it would be assets in their hands for distribution. A support of the family would claim the money, if any was recovered, before Sims' junior mortgage. An older judgment would take it. The record is silent whether the family have had a year's support, but it does disclose the fact that there were judgments in Deupree's own hands superior to the lien of this junior mortgage. This mortgage had no lien at all upon the cotton which was misapplied, and in case of distribution under the statute any general lien would be prior to it. But enough has been said to show that the action should be brought by the party in privity with Deupree, the party whose estate has been damaged by his breach of instructions, and that the recovery, *if any*, should be assets for distribution. In which event, which itself "grows small by degrees and beautifully less" the more we consider it, the chances of Sims to participate in those assets, thus by possibility recoverable, would be desperate indeed.

Judgment affirmed.